# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| versus | : | CRIMINAL NO. 15-120-JWD-RLB |
| | : | |
| DARLENE V. KRUEGER | : | |

## UNITED STATES' TRIAL BRIEF

The United States of America by J. Walter Green, United States Attorney for the Middle District of Louisiana, through Cam T. Le and Paul L. Pugliese, Assistant United States Attorneys, respectfully submits this trial brief to aid the Court in resolving certain issues that may arise at trial.

### I.   Defendant's Statements

At trial, the United States intends to elicit only some of the defendant's out-of-court statements as admissions.  Should the defendant attempt to introduce other out-of-court statements during cross-examination or through direct testimony, whether made by the defendant or her co-conspirators, the United States submits that such statements are hearsay, do not meet the requirements of any hearsay exception, hearsay exclusion, or Rule 106 (doctrine of completeness) of the Federal Rules of Evidence, and therefore are inadmissible.

#### A.  Hearsay

"Hearsay" is an out-of-court statement (oral or writing) offered in evidence to prove the truth of the matter asserted.  FED. R. EVID. 801(c).  A statement that is not offered to prove the truth of the matter asserted is not hearsay and may be admissible assuming it is relevant, reliable and not unduly prejudicial, confusing, misleading to the jury, or cumulative under Rule 403. Unless a designated hearsay exception applies, hearsay is not admissible.  FED. R. EVID. 802.  A

defendant's own prior statements, when offered by the defendant for the truth of the matter asserted, constitute inadmissible hearsay.  *Id*.; *see also United States v. Bishop*, 264 F.3d 535, 548 (5th Cir. 2001); *United States v. Sanders*, 639 F.2d 268, 270 (5th Cir. 1981).

### B.  Rule 801(d)(2)(A)—Admission by Party-Opponent

Rule 801(d)(2)(A) provides that an admission by a party-opponent is not hearsay where it is offered against a party and the party made the statement.  FED. R. EVID. 801(d)(2)(A); *United States v. Matlock*, 415 U.S. 164 (1974).  Here, all of the statements the United States intends to introduce were made by the defendant and will be offered to prove that the defendant committed the charged offenses and that she had the requisite intent in carrying out the offenses.

However, when offered by the defense, the defendant's own self-serving statements are inadmissible hearsay.  FED. R. EVID. 801(d)(2) (limiting application of the rule to statements "offered against a party"); *Williamson v. United States*, 512 U.S. 594, 599 (1994); *Bishop*, 264 F.3d at 549.  A party cannot establish a defense by introducing her own statement through a third-party witness.  *See Sanders*, 639 F.2d at 270 (affirming the exclusion of the defendant's statements to a witness as inadmissible hearsay).  Thus, if the defendant wants the jury to hear her version of the events, the defendant must take the witness stand, under oath, and be subject to cross-examination.  *See United States v. Shaw*, 701 F.2d 367, 388 (5th Cir. 1983).

### C.  Rule 803(3)—State of Mind

The defendant may seek to admit her own out-of-court statements pursuant to Rule 803(3) as demonstrative of her state of mind.  *See Bishop*, 264 F.3d at 548-49.  Rule 803(3) "permits admission of such statements where, among other things, the statements occurred contemporaneous with the event sought to be proved and the defendant did not have a chance to reflect (i.e., the defendant had no time to fabricate or misrepresent his thoughts)."  *United States*

*v. Reyes*, 239 F.3d 722, 743 (5th Cir. 2001).  Therefore, Rule 803(3) is a narrow hearsay exception and the circumstances in which the defendant may introduce her own statements to establish her state of mind are extremely limited.  Only statements made contemporaneously to the incident in question, before the defendant had an opportunity to reflect or fabricate, are admissible under Rule 803(3).  *Shepard v. United States*, 290 U.S. 96, 104 (1933) ("There are times when a state of mind, if relevant, may be proved by contemporaneous declarations of feeling or intent."); *United States v. Newell*, 315 F.3d 510, 522 n.27 (5th Cir. 2002) ("the statements must be contemporaneous with the ... event sought to be proven").

Moreover, the Fifth Circuit has held that statements regarding defendant's purported lack of criminal intent or lack of criminal responsibility fall outside the scope of Rule 803(3).  *See Bishop*, 264 F.3d at 549 (deciding that the defendant's statements were properly excluded as hearsay because they "did not reflect his then current feelings or plans, but rather were self-serving assertions that he did not have the requisite intent for the crime now charged"); *Reyes*, 239 F.3d at 743 (defendant not entitled under FED. R. EVID. 803(3) to introduce his own recorded statements to informant given that surrounding circumstances made it "probable that [his] recorded remarks were more self-serving than they were candid").

### D.  Rule 804(b)(3)—Statement Against Interest

Rule 804(b)(3) provides that, if the declarant is unavailable as a witness, a statement against interest is not excluded by the hearsay rule.  FED. R. EVID. 804(b)(3).  To be admissible under this rule, a declaration must meet a three-part test designed to ensure its trustworthiness: 1) the declarant must be unavailable, 2) the statement must so far tend to subject the declarant to criminal liability that a reasonable person in his position would not have made the statement unless he believed it to be true; and 3) the statement must by corroborated by circumstances

3

clearly indicating its trustworthiness.  *See United States v. Bell*, 367 F.3d 452, 466 (5th Cir. 2004); *United States v. Zeno*, 54 Fed. Appx. 414, 416 (5th Cir. 2002); *United States v. Dean*, 59 F.3d 1479, 1492 (5th Cir. 1995); *United States v. Flores*, 985 F.2d 770, 775 (5th Cir. 1993).

### E.   Rule 106—Doctrine of Completeness

Finally, the defendant cannot rely on Federal Rule of Evidence 106, which partially codifies the common law "doctrine of completeness," *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988), to elicit her prior self-serving statements.  Rule 106 provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."  FED. R. EVID. 106.  The purpose of this rule is "to permit the contemporaneous introduction of recorded statements that place in context other writings admitted into evidence which, viewed alone, may be misleading."  *United States v. Branch*, 91 F.3d 699, 728 (5th Cir. 1996), abrogated on other grounds by, *Jones v. United States*, 526 U.S. 227, 251-52 (1999) (quotation marks and citation omitted).

It is firmly established in the Fifth Circuit that a defendant cannot invoke Rule 106 to elicit his own self-serving statements through another witness at trial.  *See United States v. Garcia*, 530 F.3d 348, 353 (5th Cir. 2008); *Branch*, 91 F.3d at 729 ("Neither the Constitution nor Rule 106, however, requires the admission of the entire statement once any portion is admitted in a criminal prosecution.").  As the Fifth Circuit has explained, the purpose of Rule 106 is to allow an adversary to test the proffered transcript or recording when cross-examination is unavailable.  *Id*.  However, where there is a live witness, the proper means of testing that witness's testimony is through the crucible of cross-examination.  *Id*.  Thus, the defendant may not rely upon Rule

106 to introduce her own self-serving hearsay statements through the testimony of another witness. *Branch*, 91 F.3d at 729.

Moreover, Rule 106, even when it does apply, does not give the defendant *carte blanche* to introduce her own statements to "contextualize" the United States' offer of proof, for "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988); *see also United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (holding that Rule 106 does not compel the admission of otherwise inadmissible hearsay); *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) (same); *United States v. Woolbright*, 831 F.2d 1390, 1395 (8th Cir. 1987) (same); *United States v. Terry*, 702 F.2d 299, 314 (2nd Cir. 1983) (same).

## II.    Relevant & Intrinsic Evidence (Rules 401 & 402)

Under Rule 402 of the Federal Rules of Evidence, relevant evidence is generally admissible and irrelevant evidence is not admissible. Relevant evidence is defined as having "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FED. R. EVID. 401. The Advisory Committee Notes to Rule 401 advise that "[t]he fact to which the evidence is directed need not be in dispute .... Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding."

The Fifth Circuit has held that the use of investigative background information to explain the actions of investigators is admissible and does not constitute hearsay. *See United States v. Carrillo*, 20 F.3d 617, 619-20 (5th Cir. 1994) (evidence that law enforcement received complaints that an individual was selling drugs admissible as background information to explain investigator's actions). The Fifth Circuit has further recognized that the use of background

information to explain why an agent began an investigation has been "repeatedly approved."  *See United States v. Parker*, 133 F.3d 322, 328 (5th Cir. 1998); *United States v. Hawkins*, 905 F.2d 1489, 1494-95 (11th Cir. 1990) (consumer complaints admissible to explain why investigation was started).  As explained by the Sixth Circuit, "[t]he jury is entitled to know the 'setting' of a case.  It cannot be expected to make its decision in a void without knowledge of the time, place and circumstances of the acts which form the basis of the charge."  *United States v. Roberts*, 548 F.2d 665, 667 (6th Cir. 1977).

Furthermore, intrinsic evidence does not fall within the reach of Rule 404(b).  *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996).  Fifth Circuit precedent holds that the admissibility of "similar act" or "other act" evidence hinges on whether the evidence is "intrinsic" or "extrinsic" to the crimes charged in the indictment.  *United States v. Maceo*, 947 F.2d 1191, 1199 (5th Cir. 1991).  The Fifth Circuit has routinely held that "other act" or "similar act" evidence is "intrinsic" when the defendant's other or similar conduct is "inextricably intertwined" with the evidence of the crime charged, or is part of a "single criminal episode," or constituted "necessary preliminaries" in the overall scheme of the crime charged.  *United States v. Torres*, 685 F.2d 921, 924 (5th Cir. 1982) (citing *United States v. Killian*, 639 F.3d 206, 211 (5th Cir. 1981)); *see also United States v. Aleman*, 592 F.2d 881, 885 (5th Cir. 1979); *United States v. Webster*, 750 F.2d 307, 336 (5th Cir. 1984); *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990); *United States v. Royal*, 972 F.2d 643, 647 (5th Cir.1992); *United States v. Freeman*, 434 F.3d 369, 374 (5th Cir. 2005).  Such "evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place."  *Coleman*, 78 F.3d at 156 (internal citations omitted).

### III.   Unfair Prejudice (Rule 403)

Any party may argue during trial that certain evidence is "unfairly prejudicial" and should be excluded pursuant to Rule 403. Rule 403 allows the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. It is worth noting that evidence is not excludable merely because it is prejudicial. "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403*." United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979). Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403 advisory committee's note. Thus, Rule 403 "is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *McRae*, 593 F.2d at 707; *see also United States v. Bermea*, 30 F.3d 1539, 1562 (5th Cir. 1994) ("Rule 403 tips the balance in favor of the admission of relevant evidence, permitting exclusion only if the evidence's probative value is *substantially* outweighed by the danger of unfair prejudice.").

### IV.   Good Faith Basis for Cross-Examination (Rule 611(a))

Under Rule 611(a), the Court exercises control over the interrogation of witnesses and the presentation of evidence so as to facilitate the ascertainment of the truth. Implicitly included within the mandate of Rule 611(a) is the obligation to require that questions asked of witnesses, arguments of counsel, and the presentation of evidence are grounded in fact.

Thus, a trial court "may, in its discretion, preclude questions for which the questioner cannot show a good faith basis." *See, e.g., United States v. Nixon*, 777 F.2d 958, 970 (5th Cir.

1985) (prosecutor must have "a basis in fact" before "wafting before the jury 'did you know?'

type questions . . . which can be fatal to the defendant"); *United States v. Crosby*, 713 F.2d 1066,

1075 (5th Cir. 1983) (prosecutor must have good faith basis for question posed to defense

witness); *cf. United States v. Tomblin*, 46 F.3d 1369, 1389 n.52 (5th Cir. 1995) ("Rule 608(b)

does require a good faith basis for the questions."); *United States v. Skelton*, 514 F.3d 433, 445

(5th Cir. 2006) (same).

Significantly, a lawyer's representation that his client provided the basis for a question is

not necessarily a sufficient factual basis, particularly where the question is prejudicial.  In *United

States v. Lin*, 101 F.3d 760, 767 (D.C. Cir. 1997), the court upheld a trial court's restriction of the

cross examination of a witness. The defense attorney asked the witness whether he was involved

in a gambling business.  The government objected, and the court asked defense counsel to

provide a factual basis for the question.  In response, the defense attorney indicated that his only

witness was his client.  The court offered to hold a hearing, but the defense attorney declined to

put his client on the stand to establish a good faith basis for the cross examination.  As a result,

the trial court refused to allow the line of questioning.  On appeal, the district court's ruling was

affirmed.  The appellate court explained that "counsel must have a reasonable basis for asking

questions on cross-examination which tend to incriminate or degrade the witness and thereby

create an unfounded bias which subsequent testimony cannot fully dispel."  *Id.* at 768 (internal

quotations omitted).

## V.    Impeachment Evidence

### A.    <u>**"Blunting the Sword" of Anticipated Impeachment**</u>

The United States may call a cooperating witness, J.H., who has pled guilty for his role in

the criminal venture alleged in the Indictment.  At trial, at a minimum, the government intends to

have the witness explain on direct examination that he has pled guilty, the crimes to which he has

pled guilty, that he has agreed to cooperate in this matter, and that his plea agreement requires

him to tell the truth.  Absent an "unequivocal commitment" by defense counsel not to impeach

the cooperating witness with evidence of his conviction, the prosecution may "blunt the sword"

of anticipated impeachment by revealing such information first.  *United States v. Valley*, 928

F.2d 130, 133-134 (5th Cir. 1991); *see also United States v. Mitchell*, 31 F.3d 271, 277 (5th Cir.

1994); *United States v. Coleman*, 997 F.2d 1101, 1105 (5th Cir. 1993).

### B. <u>Impeachment by Prior Conviction (Rule 609)</u>

The government has disclosed to defense counsel the criminal history of potential

cooperating witness, J.H.  Of note, J.H. has a 1991 federal drug conviction and a 1991 Florida

state drug conviction.  Convictions more than ten years old are inadmissible unless (1) the

probative value of the conviction substantially outweighs its prejudicial effect and (2) the

proponent gives the adverse party advance written notice of the intent to use the conviction.

FED. R. EVID. 609(b).  To the extent that the defendant seeks to introduce or cross-examine J.H.

on these convictions, they should be precluded as they are neither within the 10 year time limit,

nor are they probative of J.H.'s truthfulness.

"Congress intended that trial judges be extremely cautious in admitting evidence of

remote convictions."  *United States v. Cathey*, 591 F.2d 268, 275 (5th Cir. 1979).  "Rule 609(b)

imposes what essentially amounts to a time limit: '[T]he probative value of a conviction over ten

years old is outweighed by its prejudicial effect.'" *United States v. Charles*, 366 Fed. Appx. 532,

541 (5th Cir. 2010) (unpublished) (quoting *United States v. Estes*, 994 F.2d 147, 149 (5th Cir.

1993).  "Rule 609 embodies a policy judgment that convictions over ten years old are

presumably not probative of any relevant character trait except  . . . where the district court

determines that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." *United States v. Armendariz*, 1998 U.S. App. LEXIS 40250, at \*17 (5th Cir. July 13, 1998) (unpublished).  "The legislative history of rule 609(b) makes clear that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances."  *Cathey*, 591 F.2d at 275 (internal citation omitted).

In *Armendariz*, the district court refused to allow the defendants to impeach a witness about three prior convictions.  *See Armendariz*, 1998 U.S. App. LEXIS 40250, at \*13-17.  On appeal, the defendants complained that the witness was portrayed as cooperating with the government "out of the goodness of his heart" while facing an unknown sentence in his own case.  In rejecting their argument, the Court noted that evidence of the prior convictions added little value because 1) the witness had convictions within the previous ten years for which he could be impeached, and 2) the defendants were able to explore the details of his bargain with the Government.

In *United States v. Charles*, the defendant was charged with possession with intent to distribute 100 kilograms or more of marijuana.  366 Fed. Appx. 532, 534 (5th Cir. 2010) (unpublished).   She unsuccessfully sought to admit evidence of a remote conviction of a government cooperator, and the Fifth Circuit affirmed her conviction, noting that she "fail[ed] to give any explanation of how the probative value of the conviction . . . substantially outweigh[ed] its prejudicial effect."  *Id.* at 541.

By its express terms, Rule 609 permits evidence only of convictions, not arrests. Although the fact of a conviction may be admissible, the underlying details of the conviction are not.  *United States v. Bray*, 445 F.2d 178, 182 (5th Cir. 1971); *United States v. Cox*, 536 F.2d 65, 71 (5th Cir. 1976).  Rather, the scope of the inquiry is limited to the fact of conviction, the

offense of conviction, and the date of conviction.  *United States v. Dow*, 457 F.2d 246, 250 (7th Cir. 1972); *see also United States v. Harding*, 525 F.2d 84, 88-89 (7th Cir. 1975) (scope of inquiry is limited to avoid the confusion of addressing collateral issues and to avoid unfairness to the witness).

## C.  <u>Impeachment by Prior Arrests (Rule 608)</u>

Rule 608(b) provides that specific instances of past conduct may be inquired into on cross-examination, if and only if, they concern the witness's character for truthfulness.  FED. R. EVID. 608(b).  The law is well-settled that using the fact of prior arrests and indictments not resulting in convictions to impeach a witness is impermissible.  *United States v. Abadie*, 879 F.2d 1260, 1267 (5th Cir. 1989); *United States v. Labarbera*, 581 F.2d 107, 108 (5th Cir.1978); *United States v. Garcia*, 531 F.2d 1303, 1306 (5th Cir. 1976).

This Court should so properly limit the cross-examination of the cooperating witness concerning prior convictions and exclude extrinsic evidence, such as "RAP sheets" or conviction records, unless the conviction is denied.  Further, defense counsel should not be allowed to question the cooperating witnesses regarding the particular facts of their previous offenses or to introduce the documents should such information exist, such as a stipulated factual basis for a guilty plea.  *United States v. Gordon*, 780 F.2d 1165, 1175 to 1176 (5th Cir. 1986).

## D.  <u>Impeachment on Collateral Matters (Rule 403)</u>

The defendant should not be allowed to introduce extrinsic evidence to impeach United States witnesses on collateral matters.  The test for whether an issue is collateral is whether the proposed evidence would be admissible for any reason independent of contradiction.  *Head v. Halliburton Oilwell Cementing Co.*, 370 F.2d 545, 546 (5th Cir. 1967).  "[A] matter should not be deemed collateral if it is 'a contradiction of any part of the witness's account of the

background and circumstances of a material transaction, which as a matter of human experience he would not have been mistaken about if his story were true.'" *United States v. Carter*, 953 F.2d 1449, 1458 n.3 (5th Cir. 1992) (quoting *McCormick on Evidence*, § 47 (1984)).  It has long been the rule that "[i]mpeachment by contradiction is not permitted on collateral matters."  *Head*, 370 F.2d at 546.

Rule 608(b) also prohibits proof by extrinsic evidence in cases where the attorney inquires into prior acts on cross examination. FED. R. EVID. 608(b).   Prior wrongful acts not resulting in a criminal conviction are ordinarily "collateral matters."  *Herzberg* at 1223.  As is commonly stated, "[t]he cross-examining attorney must take the witness' answer."  *United States v. Herzberg*, 558 F.2d 1219, 1223 (5th Cir. 1977) (discussing Rule 608(b) and the prohibition of contradiction on collateral matters).   The "rule serves 'to avoid confusion of the issues and undue extension of the trial.'"  *United States v. Tarantino*, 846 F.2d 1384, 1409 (D.C. Cir. 1988).

## VI.   <u>Character Evidence</u>

The government anticipates that defense witnesses may attempt to testify impermissibly about defendant's character.  The Federal Rules of Evidence place specific limitations on the types of character evidence that are admissible, and the means by which such evidence may be admitted.  A defendant may only introduce "pertinent" character traits of the defendant in the form of reputation or opinion evidence.  Rule 404(a)(1) of the Federal Rules of Evidence permits a criminal defendant to introduce "evidence of a pertinent trait of character," but Rule 405(a) explicitly prohibits the introduction of evidence relating to specific instances in which the defendant acted in conformity with that trait.  Character evidence, if permitted at all, is only allowed in the form of reputation or opinion testimony.  *See* FED. R. EVID. 404(a)(1) and 405(a).  Thus, while a defendant may admit evidence of "pertinent" character traits, such as for honesty,

non-violence, or law-abidingness, the defendant may only introduce evidence of character traits through reputation or opinion evidence. *United States v. Hill*, 40 F.3d 164, 168-69 (7th Cir. 1994) (noting that "a defendant may not produce evidence of specific instances of law-abidingness as part of his defense" in order to show his good character). Specific instances of honest, non-violent, or law-abiding conduct is simply not allowed under the Federal Rules.

Similarly, "[a] defendant may not seek to establish his innocence ... through proof of the absence of criminal acts on specific occasions." *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990); *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991) (evidence of a defendant's prior refusals of opportunities to join drug trafficking conspiracy was properly excluded as inadmissible prior "good acts;" evidence of good conduct is not admissible to negate criminal intent); *United States v. O'Connor*, 580 F.2d 38 (2d Cir. 1978) (defendant may not seek to establish his innocence through proof of the absence of criminal acts on specific occasions). Consequently, evidence of specific instances of other so-called "good deeds" is inadmissible, even if "law-abidingness" is a pertinent trait.

If the defendant offers character evidence in the form of reputation and/or opinion testimony, the Government is permitted, during cross-examination, to refer to specific acts of misconduct that is at odds with the character trait elicited on direct. "[O]nce a witness has testified concerning the defendant's good character, it will be permissible during cross-examination to attempt to undermine the witness' credibility by asking that witness whether he has heard of prior misconduct on the part of the defendant inconsistent with the witness' direct testimony." *United States v. Glass*, 709 F.2d 669, 673 (11th Cir. 1983); *see also United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994); *United States v. Wells*, 525 F.2d 974, 976 (5th Cir. 1976). Inquiries regarding prior misconduct are subject to the limits that (1) the government

13

"must have a good faith factual basis for the incidents inquired about," and (2) the incidents must be relevant to the character traits involved at trial. *Glass*, 709 F.2d 673. However, once permitted, the scope of the cross-examination is given wide latitude. *See United States v. Blane*, 375 F.2d 249 (6th Cir. 1967) (cross-examination on events depicted in a newspaper article); *United States v. Kirk*, 584 F.2d 773, 787 (6th Cir. 1978) (permissible to cross-examine witness using evidence of defendant's professional disciplinary proceedings).

Finally, the Court, in its discretion, may limit the scope of the proof of character in a number of ways. First, the Court may limit the number of witnesses. *See United States v. Haynes*, 554 F.2d 231, 234 (5th Cir. 1977) (trial courts, in the exercise of their discretion, may limit the number of character witnesses a party may call). Second, the Court may limit the manner and time of proving character. *See United States v. Southers*, 583 F.2d 1302, 1309 (5th Cir. 1978) (upholding the trial judge's refusal to allow defense character evidence through cross-examination of Government witnesses).

**VII.    Authentication (Rule 901 *et seq.*)**

With regard to any evidence or exhibits that have not already been authenticated, Rule 901 of the Federal Rules of Evidence requires the offering party to present "evidence sufficient to support a finding that the matter in question is what its proponent claims." FED. R. EVID. 901(a). This requirement can be satisfied in a number of ways, including the following:

- Presenting "[t]estimony that a matter is what it is claimed to be," FED. R. EVID. 901(b)(1);

- "A comparison with an authenticated specimen by an expert witness or the trier of fact," FED. R. EVID. 901(b)(3);

- "Appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances," FED. R. EVID. 901(b)(4);

- "An opinion identifying a person's voice—whether heard firsthand or through mechanical or electronic transmission or recording—based on hearing the voice at any time under circumstances that connect it with the alleged speaker," FED. R. EVID. 901(b)(3); and

- "Evidence describing a process or system used to produce a result and showing that the process or system produces an accurate result," FED. R. EVID. 901(b)(9).

Once the proponent of a piece of evidence has made a *prima facie* showing of authenticity, the evidence should be admitted. *See, e.g., United States v. Smith*, 481 F.3d 259, 264-65 (5th Cir. 2007). A break in the chain of custody, for instance, goes to the weight of the evidence, not its admissibility. *See id.*

**VIII.    Photocopies (Rules 1002 and 1003)**

Many of the documents that the government intends to offer into evidence are photocopies of documents. Photocopies are admissible pursuant to Federal Rules of Evidence 1002 and 1003. Rule 1002 provides that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." FED. R. EVID. 1002. Furthermore, "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." FED. R. EVID. 1003.

**IX.    Summary Evidence**

The United States intends to introduce summary charts regarding the defendant's income related to her criminal venture through a summary witness at trial. Courts have routinely allowed the government to introduce charts and summaries based on the evidence, pursuant to Federal Rule of Evidence 1006. *See United States v. Johnson*, 319 U.S. 503, 519 (1943); *Bishop*, 264 F.3d 535, 547; *see also* FED. R. EVID. 1006 (permitting the use of charts and summaries even

when the underlying records are not produced in court).  Summary charts are admissible when: "(1) they are based on competent evidence already before the jury, (2) the primary evidence used to construct the charts is available to the other side for comparison so that the correctness of the summary may be tested, (3) the chart preparer is available for cross-examination, and (4) the jury is properly instructed concerning use of the charts."  *Bishop*, 264 F.3d. at 547; *see also United States v. Goodwin*, 470 F.2d 893, 899 (5th Cir. 1972); *McDaniel v. United States*, 343 F.2d 785, 789 (5th Cir. 1965).  The summary charts may also be used during deliberations.  *See Bishop*, 264 F.3d. at 547; *United States v. Possick*, 849 F.2d 332, 339 (8th Cir. 1988); *United States v. Koskerides*, 877 F.2d 1129, 1134 (2d Cir. 1989).

The documents on which the summary evidence is based—records from the defendant's bank accounts, records from PayPal, information gained from email communications involving the defendant, the defendant's admissions, and the defendant's ledgers—are themselves admissible.  *See Bishop*, 264 F.3d at 547 (allowing use of IRS agent as summary witness); *United States v. Milkiewicz*, 470 F.3d 390, 397 (1st Cir. 2006) ("the summary may be admitted in addition to the underlying documents to provide the jury with easier access to the relevant information"); *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011) (the underlying documents must be admissible, but need not themselves be admitted into evidence).  Moreover, the underlying evidence has been produced during discovery and/or made available to defense counsel for inspection and copying.  Courts have recognized that summary exhibits are particularly appropriate under similar circumstances.  *See United States v. Kelley*, 105 F.2d 912, 918 (2d Cir. 1939) ("The prosecution's accountants were allowed to present their calculations from the books and returns in evidence.  This kind of evidence when based upon documents

themselves, competent and accessible, is always admissible; a jury without such guidance would

be totally unable to cope with complicated accounts.").

Respectfully submitted this 13th day of March, 2016, at Baton Rouge, Louisiana.

UNITED STATES OF AMERICA, by

J. WALTER GREEN
UNITED STATES ATTORNEY

/s/ Cam T. Le
Cam T. Le, BBO 663328
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana  70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: cam.le@usdoj.gov

/s/ Paul L. Pugliese
Paul L. Pugliese, FLBN 717370
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana  70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: paul.pugliese@usdoj.gov

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| versus | : | CRIMINAL NO. 15-120-JWD-RLB |
| | : | |
| DARLENE V. KRUEGER | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2016, a true and correct copy of the foregoing United States' *Trial Brief* was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Cam T. Le_____
Cam T. Le